# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SMITH LAKE MARINA & RESORT LLC,** ) ) ) **Plaintiffs,** ) ) vs. ) ) **AUTO-OWNERS INSURANCE COMPANY,** ) ) ) **Defendant.** | Civil Action Number **5:16-cv-01104-AKK** |

## MEMORANDUM OPINION AND ORDER

This case involves a dispute over an insurance claim. Plaintiff Smith Lake Marina & Resort LLC ("the Marina") filed a claim for damage to its property resulting from a storm in late 2015. After investigating the claim, Defendant Auto-Owners Insurance Company denied it based on a water damage exclusion in the policy. The Marina sued in state court alleging breach of contract and bad faith, and Auto-Owners timely removed the case to this court on diversity grounds. Doc. 1. Presently before the court is Auto-Owners' motion for summary judgment. Doc. 18. After reading the briefs and considering the relevant law, the court denies the motion as to the breach of contract claim and grants the motion as to the bad faith claim. As to the breach of contract claim, this matter is **SET** for a pretrial conference at 9:00am on October 25, 2017 at the federal courthouse in Huntsville,

AL, and for a trial at 9:00am on November 27, 2017 at the federal courthouse in Decatur, AL.

I. **LEGAL STANDARD FOR SUMMARY JUDGMENT**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment motions, the court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving

party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255. Any factual disputes will be resolved in the non-moving party's favor when sufficient competent evidence supports the non-moving party's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252)).

## II. FACTUAL BACKGROUND

On Christmas day, 2015, a storm descended upon Smith Lake in northern Alabama. According to weather data from the National Oceanic and Atmospheric Association, that day had the strongest maximum winds reported of any day that month. Doc. 18-3 at 25-26. Relevant here, the storm caused damage to the Marina's swimming pier, fishing dock, and gangway. Docs. 1-1 at 2; 18 at 7; 22 at 3.

In light of the damage it sustained, the Marina timely filed a claim with Auto-Owners. Docs. 18 at 7; 22 at 7. As part of its investigation, Auto-Owners retained independent adjusters, United Storm Adjusters, and instructed them to inspect the damage. Docs. 18 at 7; 22 at 7. An adjuster from United conducted an initial inspection and reported to Auto-Owners that there may be a coverage issue. Docs. 18 at 8; 22 at 7. Auto-Owners then instructed United to retain engineers to further inspect the damage. Docs. 18 at 8; 22 at 7. United hired PT&C/LWG Forensic Consultants, who in turn inspected the property and concluded that the damage to the gangway and fishing dock was caused by a rise in lake elevation and that the damage to the swimming pier was caused by wave action. Docs. 18-2; 18-3. As a result, because the policy excludes damage caused "directly or indirectly by . . . [f]lood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these," including water damage "driven by wind (including any storm surge)," doc. 18-1 at 50-51, Auto-Owners denied the claim.

### III. ANALYSIS

Auto-Owners asks the court to enter summary judgment in its favor on both claims. Doc. 18. The court considers each claim in turn, and, in doing so, because this action is based on diversity jurisdiction, the court applies Alabama's substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## A. Breach of Contract Claim

Under Alabama law, insurance policies are construed liberally in favor of the insured. *Ladner & Co. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 103 (Ala. 1977); *Pac. Indem. Co. v. Run-A-Ford Co.*, 161 So. 2d 789, 791 (1964); *Perkins v. Hartford Ins. Grp.*, 932 F.2d 1392, 1395 (11th Cir. 1991). "But, where there is no ambiguity in the terms of the contract, it must be enforced as written, for a court has no authority to make a new contract for the parties." *Colonial Life & Acc. Ins. Co. v. Collins*, 194 So. 2d 532, 535 (1967). The insured bears the burden of proving coverage, *id.*, but the insurer bears the burden of proving the applicability of an exclusion. *Fleming v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 310 So. 2d 200, 202 (1975). "Policy exclusions are to be narrowly interpreted, and, when an ambiguity exists in the language of an exclusion, the exclusion will be construed so as to limit the exclusion to the narrowest application reasonable under the wording." *Mid-Continent Cas. Co. v. Advantage Med. Elecs., LLC*, 196 So. 3d 238, 244 (Ala. 2015) (internal quotations omitted).

The Marina has offered proof that it timely filed a claim for insured property and that Auto-Owners denied the claim. The Marina has therefore met its prima facie burden on its breach of contract claim, and Auto-Owners bears the burden to show the applicability of the water exclusion. *Fleming*, 310 So. 2d at 202. Accordingly, to succeed on its motion, Auto-Owners must demonstrate that there is

no genuine issue of material fact as to whether the water exclusion applies and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Auto-Owners' sole argument in support of its motion is that the deposition testimony of Ronnie Reid and Lonnie Gonzalez, who testified that they witnessed the fishing pier fall on its side,[1] docs. 18 at 15; 22 at 4, is inadmissible and that, without this testimony, the Marina cannot rebut Auto-Owners' expert testimony. Doc. 18 at 16-17. Specifically, Auto-Claims contends that, because neither Reid nor Gonzales "observed [the piers] immediately prior to [their] loss," only an expert – such as an engineer or someone with formal training in physics, fluid dynamics, or weather analysis – is qualified to testify as to what caused the damage to the piers that day. Doc. 18 at 16-17. In support of this argument, Auto-Owners cites a federal district court opinion about a case involving water damage to a home[2] and an opinion from the Court of Appeals of North Carolina involving a house where the second floor had dropped several inches.[3] According to Auto-Owners, these cases stand for the proposition that "the testimony of a lay person as

---

[1] When asked if he actually saw the fishing pier lift up and come out of the water or if he only saw it after it was already on its side, Gonzalez answered "I saw it on its side." Doc. 18-6 at 13. When asked a similar question, Reid answered that the first time he saw the pier, it was "up in the air." Doc. 18-7 at 9. The Marina asserts that these statements indicate that both witnesses saw the wind flipping the pier over, doc. 22 at 8, a contention that Auto-Owners disputes, doc. 27 at 2.

[2] *Ware v. Nationwide Ins. Co.*, No. 7:11-CV-4272-LSC, 2013 WL 1680514, at *1 (N.D. Ala. Apr. 12, 2013).

[3] *Guyther v. Nationwide Mut. Fire Ins. Co.*, 428 S.E.2d 238, 239 (1993).

to causation is inadmissible when such causation is not within the ordinary experience of jurors." Doc. 18 at 18.

Even assuming that Auto-Owners is correct that a lay witness is unqualified to testify as to causation, this fact does not help Auto-Owners because Reid and Gonzalez have not offered any opinions on causation in their depositions. Rather, both testified only about wind and water conditions that day. *See* docs. 18-6 at 12 & 18; 18-7 at 9 & 15. Perceptions of wind and current conditions are well within the scope of testimony allowed by lay witnesses under the Federal Rules of Evidence. *See* Fed. R. of Evid. 701. Therefore, because juries, not experts, are the ultimate arbiters of causation, *see, e.g., Sentilles v. Inter-Caribbean Shipping Corp.*, 361 U.S. 107 (1959), and a jury is free to consider witness perceptions (along with all the evidence) when determining causation, the court rejects the argument that the testimony of Reid and Gonzalez would be inadmissible at trial.

The court is also not persuaded by Auto-Owners' contention that the statements of Gonzalez and Reid "speak only to the damage to the fishing pier" and that "[t]he findings of the experts retained by Auto-Owners are thus undisputed with regards to the swim dock and the marina gangway." Doc. 18 at 15. If a jury finds their testimony credible, it could reasonably infer from that testimony and other evidence that wind strong enough to blow over a fishing pier also had enough strength to blow over a swim dock and a marina gangway.

In addition to the testimony of Reid and Gonzalez, other material facts in dispute include the lake level that day and whether the property in question is located in an "eddy" away from the main current of the lake. *See* docs. 22 at 6; 27 at 1-2. Therefore, because there are genuine issues of material fact as to whether wind or water caused the damage at issue, and in light of the directive that courts construe policy exclusions narrowly, *see Mid-Continent Cas. Co.*, 196 So. 3d at 244, Auto-Owners' motion on the breach of contract claim is due to be denied.

**B. Bad Faith Claim**

Bad faith is a tort that arises where an insurer refuses to pay an insurance claim.[4] As a preliminary matter, a bad faith claim generally cannot succeed "if the evidence produced by either side creates a fact question with regard to the [breach of] contract claim." *Thomas v. Principal Fin. Grp.*, 566 So. 2d 735, 745 (Ala. 1990). As explained in Part III.A, *supra*, there are several fact questions related to the merits of the breach of contract claim. The Marina therefore must clear a high

---

[4] A "normal" bad faith claim requires proof of: 1) an insurance contract and a breach thereof by the defendant; 2) an intentional refusal to pay the insured's claim; 3) the absence of any reasonably legitimate or arguable reason for that refusal; and 4) the insurer's actual knowledge of the absence of any legitimate or arguable reason. *Alfa Mut. Fire Ins. Co. v. Thomas*, 738 So. 2d 815, 822 (Ala. 1999). In "abnormal" cases, a plaintiff may prove bad faith by proving that the insurer did one of the following: (1) intentionally or recklessly failed to investigate the plaintiff's claim; (2) intentionally or recklessly failed to properly subject the plaintiff's claim to a cognitive evaluation or review; (3) created its own debatable reason for denying the plaintiff's claim; or (4) relied on an ambiguous portion of the policy as a lawful basis to deny the plaintiff's claim. *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 306–07 (Ala. 1999).

hurdle to prove its bad faith claim through the "normal" method. Here, Auto-Owners denied the claim under the policy's water exclusion and based this denial on a report from two independent engineers. Docs. 18-2; 18-3. These two reports qualify as a "reasonably legitimate or arguable reason" for denying the Marina's claim. *See Thomas*, 738 So. 2d at 822. Therefore, the Marina cannot prove its claim through the "normal" method of proof.

The Marina also cannot demonstrate any "abnormal" circumstances, such as failure to investigate, to prove bad faith. The Marina's contention that Auto-Owners' failure to interview the eyewitnesses constitutes a bad faith failure to investigate, *see* doc. 22, is unavailing. Under Alabama law, a plaintiff still must prove the "absence of [a] legitimate reason for denial . . . at the time of the denial" for a bad faith claim based on a failure to investigate. *See State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013). And where an "investigation establishe[s] a legitimate or arguable reason for refusing to pay," a bad faith claim must fail. *Weaver v. Allstate Ins. Co.*, 574 So. 2d 771, 774 (Ala. 1990). Here, even viewing the evidence in the light most favorable to the Marina, Auto-Owners' investigation, which included the reports of multiple independent engineers, established an arguable reason for denying the claim, namely that water, not wind, caused the damage. *Id.*; *see also* docs. 18-2; 18-3. Accordingly, the "abnormal"

bad faith claim based on a purposeful failure to investigate also fails. *See Brechbill*, 144 So. 3d at 258.

## CONCLUSION AND ORDER

Consistent with this opinion, Auto-Owners' motion for summary judgment, doc. 18, is **DENIED** as to the breach of contract claim and **GRANTED** as to the bad faith claim. The bad faith claim, count II, is **DISMISSED WITH PREJUDICE**.

**DONE** the 20th day of September, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE